## Hazard Bank & Trust Company v. Hazard Mercantile Company.

(Decided May 24, 1927.)

### Appeal from Perry Circuit Court.

1. Landlord and Tenant.—Where storehouse was practically destroyed by fire, lessee on making repairs with lessor's approval could recover from lessor amount so expended, where lessee was not negligent, under Ky. Stats., section 2297, notwithstanding lessee was required to keep building in repair and return it at expiration of lease in as good condition as it was after repairs were made.

2. Landlord and Tenant.—In action by lessee against lessor to recover value of repairs made to storehouse destroyed by fire, that dance was in progress on upper floor of building and that no one representing lessee was present when fire occurred held insufficient to show negligence.

3. Landlord and Tenant.—Fire which burned storehouse and left only walls and parts of walls standing held to amount to practical destruction of building for storeroom purposes in lessee's action to recover expenditures for repairs.

WOOTTON & WOOTON for appellant.

NAPIER & HELM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

In the month of July, 1921, K. K. Davis by his committee, the Hazard Bank & Trust Company, leased to the Hazard Mercantile Company a brick store building in Hazard for a period of one year from August 1, 1921,

with the privilege of renewal. The monthly rental was $225.00, of which $100.00 was to be paid in cash and the balance applied to repairs on the building, which the lessee was authorized and agreed to make with the approval of the lessor. The lease also provided that the lessee should keep the building in repair and return it at the expiration of the lease in as good condition as it was after the repairs were made, ordinary wear and tear excepted. On January 29, 1922, a fire destroyed all of the building except the walls or parts thereof.

This suit was brought by the lessee against the lessor to recover the reasonable cost of repairs amounting to $1,686.80, subject to a credit of $750, which had been deducted from the rent. Thereafter the lessee filed an amended petition seeking to recover the additional sum of $197.82 for lumber which had been used in making repairs. The lessor filed an answer and counterclaim denying the allegations of the petition as amended, and alleged that the building was burned through the negligence of the lessee to his damage in the sum of $5,000.00. Later on he filed an amended answer and counterclaim asking judgment for the amount of the rent for the full year less the payments made. A trial before a jury resulted in a verdict and judgment in favor of the lessee for $936.80, the balance alleged to be due in the original petition. The lessor appeals.

Section 2297, Kentucky Statutes, provides:

"Unless the contrary be expressly provided for in the writing, no agreement of a lessee that he will repair, or leave the premises in repair, shall have the effect of binding him to erect similar buildings, if without his fault or neglect the same may be destroyed by fire or other casualty; nor shall a tenant, unless he otherwise contracts, be liable for the rent for the remainder of his term of any building leased by him, and destroyed during the term by fire or other casualty without his fault or neglect."

By his pleadings appellant sought to bring the case within the provisions of the statute, and insists that the evidence was sufficient to take the case to the jury on the question whether the premises were destroyed by fire, and the further question whether the fire was due to the negligence of the lessee, and that the court erred in not submitting these issues.

We have read and reread with great care the evidence relating to the fire. It is true that there was a dance in progress on the upper floor of the building, and that no one representing the lessee was present when the fire occurred, but this circumstance is wholly insufficient to show negligence. The evidence as to the cause and origin of the fire consists almost wholly of what certain witnesses, who were not present, heard from others, and even what they had heard was of no probative value whatever. We are therefore constrained to the view that the court did not err in refusing to submit the issue of negligence to the jury.

Though the lessee agreed with the approval of the lessor to make such repairs as were needed at the time of the execution of the lease, and to return the premises in the same condition of repair, ordinary wear and tear excepted, it did not undertake to rebuild the storehouse in case it was destroyed by fire. The uncontradicted evidence shows that only the walls or parts of the walls were left standing. That this amounted to a practical destruction of the building for storeroom purposes there can be no doubt, and the court did not err in refusing to submit the question to the jury.

The court did not err in telling the jury in substance to find for appellee in the sum of $986.80, the amount alleged to be due for repairs in the original petition, as the undisputed evidence showed that the repairs were made with the approval of appellant, and that the prices charged were reasonable.

There is some complaint of that portion of the instruction submitting the item of $197.82, but, even if incorrect, it was not prejudicial, as the jury found for appellant on that item.

Judgment affirmed.